REED, Judge.
We have before us a petition for writ of prohibition directed to the Honorable Warren H. Edwards as Judge of the Criminal Court of Record in and for Orange County, Florida. Petitioner is Janet Moore who seeks to prohibit her trial before the respondent on a certain charge now pending in the Criminal Court of Record for Orange County, Florida. On the basis of the petition we issued a Rule Nisi and a return has been filed by the State.
The facts are without dispute. The petitioner was arrested on 13 February 1970 and was bound over on 18 March 1970. She is still incarcerated. On 14 April 1970 an information was filed against the petitioner charging her with armed robbery. On 29 April 1970 during the March term of the Criminal Court of Record the petitioner filed a demand for a speedy trial. Thereafter on 11 May 1970, the first day of the May term of that court, the petitioner filed another demand for a speedy trial. On 14 September 1970 the petitioner filed a motion for her discharge on the basis of the speedy trial statute. The respondent denied the motion and set the cause for trial on 8 October 1970.
The critical issue here is whether or not the respondent improperly denied the petitioner’s discharge under the provisions of F.S.1969, section 915.01(1), F.S.A.
The petitioner’s initial demand for a speedy trial was not made on the first day of a term of court. This demand was, therefore, a nullity because F.S.1969, section 915.01(1), F.S.A., requires that a demand for speedy trial in cases governed by that section be made on the first day of a term. In our opinion, the first proper demand for a speedy trial under the section was made on 11 May 1970 by the petitioner.
In our opinion, section 915.01(1) clearly contemplates that the State may bring an accused to trial at any time during a period of three full terms from the date of the first proper demand. Compare Woodward v. Edwards, Fourth District Court of Appeal, Case No. 70-775, opinion filed December 11, 1970.
If our construction of the statute is correct, the third full term after the first proper demand filed by petitioner would have been the September term of court. We, therefore, conclude that the trial judge properly denied the motion for discharge and set the cause for trial during the September term. For this reason, we will deny the writ of prohibition and discharge the Rule Nisi.
That which we said in the case of Woodward v. Edwards, supra, with respect to delay caused by the filing of a petition for a writ of prohibition in this court is also pertinent to this case.
Writ denied.
WALDEN and OWEN, JJ, concur.